UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NINA SUGGS, | : |
|       Plaintiff, | : |
|       v. | : Civil Action No. 08-0938 (PLF) |
| DISTRICT OF COLUMBIA, | : |
|       Defendant. | : |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, by counsel, hereby answers Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1. Defendant admits the allegations in the first sentence of paragraph 1. The remaining allegations in paragraph 1 are characterizations of this action by the pleader, to which no response is required.

2. Defendant admits the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits that the District of Columbia is a municipal corporation. The remaining allegations in paragraph 5 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

6. Defendant admits the allegation in paragraph 6.

7. Defendant admits the allegation in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits that DCPS did not attend the December 11, 2007 meeting. Defendant lacks knowledge and information sufficient to enable it to answer the remaining allegation in paragraph 10 at this time.

11. The allegations in paragraph 11 are the pleader's characterizations of the December 11, 2007 meeting notes, which speak for themselves, to which no response is required. If a response is required, then the same are denied.

12. The allegations in paragraph 12 are the pleader's characterizations of the December 11, 2007 meeting notes, which speak for themselves, to which no response is required. If a response is required, then the same are denied.

13. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 13 at this time.

14. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 14 at this time.

15. Defendant admits the allegations in paragraph 15.

16. The allegations in paragraph 16 are the pleader's characterizations of the of the record documents, and conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

17. Defendant admits the allegation in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 18 above.

20-22.   The allegations in paragraphs 20-22 are conclusions of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

23.   Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 22 above.

24-26.   The allegations in paragraphs 24-26 are conclusions of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

**BY WAY OF FURTHER ANSWER**, Defendant denies all allegations contained in the complaint not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

3

July 23, 2008

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001