THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NINA SUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-938 |
| v. | ) PLF |
| | ) AK |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Nina Suggs hereby moves the Court to strike the Defendant's Answer to her Complaint and to order the Defendant to serve an answer containing assertions and denials formed after an inquiry reasonable under the circumstances. In support Ms. Suggs submits the attached memorandum.

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Washington, D.C. 20009
Phone: (202) 265-4260
Fax: (202) 265-4264
Email: tyrka@tyrkalaw.com

1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NINA SUGGS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-938 |
|  | ) PLF |
|  | ) AK |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

### FACTUAL BACKGROUND

Ms. Suggs filed her Complaint in this matter on June 2, 2008. On June 18, 2008, Defendant's counsel contacted Plaintiff's counsel to request consent to a thirty-day enlargement of time to file its answer. See Exhibit 1. Based on past experience with the office of Defendant's counsel, Plaintiff's counsel agreed to consent to an enlargement in exchange for Defendant's counsel's "commitment that any statement that could be answered with finality by D.C. or DCPS has been," and suggested that an additional thirty days would be sufficient to allow for that. See id. Refusing to agree to that condition, Defendant's counsel filed its motion for enlargement of time on June 18, 2008, which the Court granted on June 23, 2008.[1]

The Defendant filed its Answer on July 23, 2008, 51 days after the filing and service of the Complaint. In the Answer, the Defendant refuses to answer six of the twelve factual allegations in the Complaint.

---

[1] In its Motion for Enlargement, the Defendant referred to Plaintiff's counsel's condition as "conditions that would compromise the District's ability to answer as it deemed proper." Def.'s Mot. for Enlargment n.2.

2

The Defendant refused to answer any of the following three allegations on the basis that the "Defendant lacks knowledge and information sufficient to enable it to answer the allegations...at this time":

"10.    DCPS was invited to the December 11, 2007 MDT meeting..."

"13.    [O]n December 11, 2007, the MDT faxed the meeting notes and the SEP to DCPS."

"14     Since December 11, 2007, DCPS has not conducted and reviewed any of the ordered evaluations."

The Defendant stated that "no response is required" to any of the following three allegations:

"11.    At the December 11, 2007 MDT meeting, the team...determined that an EEG, an MRI, and a psychiatric evaluation of A.S. were warranted."

"12.    At the December 11, 2007 MDT meeting, the team developed a student evaluation plan ("SEP") ordering an EEG, an MRI, and a psychiatric evaluation of A.S."

"16.    DCPS did not serve on the Plaintiff any document intended to serve as a response to the Due Process Complaint[.]"

**ARGUMENT**

**I.    THE DEFENDANT FAILED TO CONDUCT A REASONABLE INQUIRY**

Rule 11(b) of the Federal Rules of Civil Procedure requires that any representation made to the court must have been formed after an inquiry reasonable under the circumstances. Fed. R. Civ. P. 11(b). The Defendant plainly failed to conduct such an inquiry with regards to paragraphs 10, 13, and 14 of the Complaint and Answer.

In those three paragraphs of the Complaint, the Plaintiff made specific allegations about the District of Columbia Public Schools ("DCPS"), that it had been invited to a meeting, that it

3

had received a document on a specific date, and that it had not taken certain actions. The Defendant refused to respond to any of those statements on the basis that it lacked that basic information regarding its agency's involvement in this case. Any reasonable inquiry would have uncovered that information.

The Defendant's failure to conduct a reasonable inquiry in this case is particularly disturbing, given that the Court granted the Defendant extra time to answer the Complaint specifically to enable it to conduct such an inquiry. See Def.'s Mot. for Enlargement at 1 ("Defendant is gathering records and documents to prepare a response to Plaintiff's Complaint.").

Unfortunately, this is far from the first time that Plaintiff's counsel has received from the office of Defendant's counsel a noncommittal answer to plain, simple statements about DCPS. See, e.g., Jalloh v. District of Columbia, Civil Action No. 07-63 (D.D.C.) Docket # 6, Scheduling Order of April 2, 2007 (ordering defendant's counsel (not counsel in this case) to further investigate plaintiff's allegations and file amended answer accordingly); id., docket # 8, Defendant's Amended Answer.

For that reason, in response to Defendant's counsel's request for consent to an enlargement, Plaintiff's counsel set the very reasonable condition that in the final answer the Defendant do what it is required to do in the first place – answer after a reasonable inquiry. In fact, Plaintiff's counsel predicted exactly the deficiencies in the Answer: "My concern is that I often get answers that contain a version of 'we don't know' in response to a statement that DCPS should know, e.g. whether an evaluation has been done." Ex. 1 at 3.

4

## II. THE DEFENDANT FAILED TO CONDUCT A REASONABLE INQUIRY

In its responses to Complaint paragraphs 11, 12, and 16, the Defendant plainly misinterprets the Plaintiff's allegations and accordingly refuses to answer them. In those paragraphs, the Plaintiff alleged: 1) that the MDT determined that certain evaluations were necessary; 2) that the MDT developed a student evaluation plan ordering those evaluations; and 3) that DCPS did not serve a response to the administrative complaint on the Plaintiff. Those are plain, simple, allegations of fact.

The Defendant contends that the first two allegations are statements interpreting documents, "meeting notes," according to the Defendant. As is plain from their phrasing, they are not; they are simple statements of what events occurred. Neither statement makes any mention of meeting notes.

The Defendant contends that the third statement is a "characterization of record documents." Again, this is plainly false. It is a statement of DCPS' actions and its intent. In fact, the entire point of the statement is that there is no record document (a response to the administrative complaint) to interpret. Defendant's counsel need not interpret any document, it need only determine whether DCPS served any document that was created with that particular intent.

## III. THE INADEQUACIES OF THE DEFENDANT'S ANSWER WILL NEEDLESSLY COMPLICATE LITIGATION

In the experience of Plaintiff's counsel, discovery is very unusual in challenges to IDEA administrative decisions. However, given the Defendant's Answer, the Plaintiff will be forced to conduct discovery. Document production requests will be necessary to uncover evaluations and responses – though the Plaintiff does not believe that any exist – and fax confirmations and

5

related documents. Depositions may be necessary to establish knowledge of certain facts by DCPS employees.

    To avoid that necessity, the Court should strike the Answer and order the Defendant to comply with the rules and file an answer based upon a reasonable inquiry.

                        Respectfully submitted,

                        /s/ Douglas Tyrka
                        Douglas Tyrka, #467500
                        Tyrka & Associates, LLC
                        1726 Connecticut Ave., NW, Suite 400
                        Washington, D.C.  20009
                        Phone:  (202) 265-4260
                        Fax:  (202) 265-4264
                        Email: tyrka@tyrkalaw.com

**From:** tyrka@tyrkalaw.com
**To:** "Caspari, Amy (OAG)" <amy.caspari@dc.gov>
**Date:** 19 Jun 2008, 09:03:47 AM
**Subject:** Re: Suggs Answer

I can agree to the 30-day extension (I believe that was the request) on the condition that the Answer contain a true response to the allegations in the Complaint, and not a lot of "Defendant cannot yet determine" type responses.

- Doug Tyrka

**From:** "Caspari, Amy (OAG)" <amy.caspari@dc.gov>
**To:** tyrka@tyrkalaw.com
**Date:** 19 Jun 2008, 09:45:10 AM
**Subject:** RE: Suggs Answer

Doug:

I can assure you that I will answer all the questions honestly.

Amy Caspari
Assistant Attorney General
for the District of Columbia
Civil Division, Equity II
441 4th St., N.W., 6th Fl. S
Washington, D.C. 20001
202-724-7794 phone
202-727-3625 fax

CONFIDENTIALITY NOTICE
This message is being sent to you on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.

**From:** tyrka@tyrkalaw.com
**To:** "Caspari, Amy (OAG)" <amy.caspari@dc.gov>
**Date:** 19 Jun 2008, 10:11:18 AM
**Subject:** Re: Suggs Answer

I'm not worried about honesty - I assume that you would answer and have answered honestly. My concern is that I often get answers that contain a version of "we don't know" in response to a statement that DCPS should know, e.g. whether an eval has been done. My condition is a commitment that any statement that could be answered with finality by D.C. or DCPS has been. I don't want to agree to wait an extra month only to receive the usual noncommittal answer.

- Doug

**From:** "Caspari, Amy (OAG)" <amy.caspari@dc.gov>
**To:** tyrka@tyrkalaw.com
**Date:** 20 Jun 2008, 10:41:43 AM
**Subject:** RE: Suggs Answer

Doug:

If our answers indicate that we are unsure of an evaluation date at the time our answer is due, then we are unsure. (Possibly not a material fact anyway.)

I do not think it is reasonable to expect trial attorneys to have every fact in front of them at the time the answer is due. Thus, I will answer what I can based on the record that I have.

Amy

Amy Caspari
Assistant Attorney General
for the District of Columbia
Civil Division, Equity II
441 4th St., N.W., 6th Fl. S
Washington, D.C. 20001
202-724-7794 phone
202-727-3625 fax

CONFIDENTIALITY NOTICE
This message is being sent to you on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.

**From:** tyrka@tyrkalaw.com
**To:** "Caspari, Amy (OAG)" <amy.caspari@dc.gov>
**Date:** 20 Jun 2008, 11:03:43 AM
**Subject:** Re: Suggs Answer

Please be aware that I am not talking about anything unreasonable. In fact, Eden Miller always does fair and complete responses, and I have expressed my apprection of them to her. Unfortunately, she is an exception.

Moreover, as you are asking for an extra 30 days, I think it's perfectly reasonable to ask in exchange that you know every fact knowable by your client in that time.

I can only interpret your responses to indicate that, even if given an extra 30 days, you do not intend to conduct any more of an investigation than in your usual practice, with which I am familiar from many other cases. On that representation, I do not consent to an extension.

- Doug Tyrka

**From:** "Caspari, Amy (OAG)" <amy.caspari@dc.gov>
**To:** tyrka@tyrkalaw.com
**Date:** 20 Jun 2008, 11:08:51 AM
**Subject:** RE: Suggs Answer

Ok.

Amy Caspari
Assistant Attorney General
for the District of Columbia
Civil Division, Equity II
441 4th St., N.W., 6th Fl. S
Washington, D.C. 20001
202-724-7794 phone
202-727-3625 fax

CONFIDENTIALITY NOTICE
This message is being sent to you on behalf of a lawyer.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NINA SUGGS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 08-938<br>)　PLF<br>)　AK<br>)<br>)<br>)<br>) |

**ORDER**

On consideration of the Plaintiff's motion to strike the Defendant's Answer, and any opposition thereto, it is hereby

ORDERED that the Defendant's July 23, 2008 Answer is stricken from the record, and it is further

ORDERED that within fifteen days of this Order, the Defendant shall file with the Court an amended Answer, formed after a reasonable inquiry, responding to every factual allegation in the Complaint.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Alan Kay
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge