UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NINA SUGGS,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 08-0938 (PLF)(AK) |
| **DISTRICT OF COLUMBIA,** | : |
| **Defendant.** | : |

**OPPOSTION TO PLAINTIFF'S MOTION**
**TO STRIKE DEFENDANT'S ANSWER**

The Defendant, by counsel, hereby opposes the "Plaintiff's Motion to Strike Defendant's Answer" filed August 12, 2008 ("Motion"). As shown below, the Motion is utterly devoid of merit, and represents nothing more than harassment of the Defendant and its counsel, and a wasting of the Court's time.

**BACKGROUND**

The Complaint herein was filed June 2, 2008. Based on the date of service, the Defendant's Answer was due on June 23, 2008. As with all appeals of administrative decisions pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et. seq. ("IDEIA"), Defendant's counsel was required to obtain and review the history and record of the administrative proceedings involved in order to respond to typical Complaint allegations concerning the administrative parties' actions, and the course and/or conduct of the challenged administrative hearing.

1

To do so, Defendant's counsel, again in the usual course of preparing to respond to such complaints, sought information from the District of Columbia Public Schools' ("DCPS") Office of General Counsel (whose attorneys represent DCPS in such administrative proceedings), and requested the documentary record of the administrative proceedings from the Student Hearing Office of the State Superintendent of Schools ("OSSE").

Because Defendant's counsel would not have the necessary information by the initial June 23, 2008, deadline for an Answer, she contacted Plaintiff's counsel, seeking consent to an enlargement of time. Plaintiff's counsel refused to consent unless Defendant's counsel promised to frame responses to the Complaint in the particular fashion he preferred. Defendant's counsel, unwilling to have opposing counsel dictate in advance the form of the Defendant's Answer, declined to agree with Plantiff's counsel's demand and sought an enlargement of time in a motion filed June 20, 2008—a motion the Court granted on June 23, 2008. The new deadline was now July 23, 2008. The Defendant's Answer was filed on that date.

In the Motion, Plaintiff identifies six of the Answer responses to the Complaint's twenty-six paragraphs as objectionable, and moves to strike the *entire* Answer under Fed. R. Civ. P. 12 (f). Three of the Answer responses asserted insufficient knowledge and information. The Complaint averments and Answer responses were as follows:

**[Complaint para. 10:]** DCPS was invited to the December 11, 2007 MDT meeting, but it did not attend.

**[Answer:]** Defendant admits that DCPS did not attend the December 11, 2007, meeting. Defendant lacks knowledge and information sufficient to enable it to answer the remaining allegation in paragraph 10 at this time.

**[Complaint para. 13:]** After the meeting, on December 11, 2007, the MDT faxed the meeting notes and the SEP to DCPS.

**[Answer:]** Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 13 at this time.

**[Complaint para: 14]** Since December 11, 2007, DCPS has not conducted and reviewed any of the ordered evaluations.

**[Answer:]** Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 14 at this time.

The other three Answer responses to which Plaintiff objects, and the Complaint averments to which they relate, are as follows:

**[Complaint para. 11:]** At the December 11, 2007 MDT meeting, the team reviewed A.S.'s October 25, 2007 neurological evaluation and determined that an EEG, an MRI, and a psychiatric evaluation of A.S. were warranted.

**[Answer:]** The allegations in paragraph 11 are the pleader's characterizations of the December 11, 2007 meeting notes, which speak for themselves, to which no response is required. If a response is required, then the same are denied.

**[Complaint para. 16:]** DCPS did not serve on the Plaintiff any document intended to serve as a response to the Due Process Complaint, as the term "response" is used in 20 U.S.C. 1415(2)(B)(i)(I).

**[Answer:]** The allegations in paragraph 16 are the pleader's characterizations of the record documents, and the conclusions of law and/or the pleader, to which no response is required. If a response is required then the same are denied.

For the reasons that follow, the Defendant submits that the Motion is patently meritless, and should summarily be denied.

**ARGUMENT**

I. **The Plaintiff's Motion, Viewed as One Under Federal Rule 12(f), is Unsupported and Meritless.**

　A. **The applicable legal standards.**

Fed. R. Civ. P. 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

> Both because striking a potion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.

5C C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1380 at 394 (2004).[1]

As stated in Nwachuckwu v. Rooney, 362 F. Supp. 2d 183, 189-190 (D.D.C. 2005):

> Courts disfavor motions to strike. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 207 U.S. App. D.C. 375, 647 F. 2d 200, 201 (D.C. Cir. 1981) (citing 5C FED. PRAC. & PROC. 2d § 1380 at 783); accord Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D. N.Y. 1991); Mirshak v. Joycem, 652 F. Supp 359, 370 (N.D. Ill. 1987); Schramm v. Krischell, 84 F. R. D. 294, 299 (D. Conn 1979). The rule by its terms does not require the striking of matters that are prejudicial. FED R. CIV. P. 12 (f). Yet, because courts view motions to strike with such disfavor, many courts will grant such motions only if the portions sought to be striken are prejudicial or scandalous. Makuch v. Fed. Bureau of Investigation, 2000 U.S. Dist. LEXIS 9487, at *7 (D.D.C. Jan 6, 2000); e.g., Wiggins v. Phillip Morris, Inc. , 853 F. Supp. 457, 458 (D.D.C. 1994) (Lamberth J.); see also 5A FED. PRAC. & PROC. 2d §§ 1380, 1382. Thus, absent a "strong reason for so doing," courts will generally "not tamper with pleadings." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976); Lennon v. Seaman, 63 F. Supp. 2d 428, 447 (S.D.N.Y. 1999).

---

[1] Plaintiff counsel's unduly litigious bent has been noted before by courts in this jurisdiction. In Lesesne v. District of Columbia, 2005 WL 3276205*7 (D.D.C., July 26, 2005), aff'd, 447 F. 3d 828 (D.C. Cir 2006), the Court rebuked counsel for his uncooperative behavior: "[t]he Court cannot condone (1) the uncooperative behavior by both B.F. and Plaintiff which derailed the IEP process, and (2) Plaintiff's decision to postpone the DCPS's efforts at meeting simply to achieve a final judgment for the purposes of attorneys' fees. . . ." The Circuit Court, reiterating the District Court's findings, noted that "[r]ather than facilitate DCPS's efforts to help B.F., Lesesne and her attorney instead focused their energies on litigation." 447 F. 3d at 831. See also E.M. v. Marriott Hospitality Public Chartered High School, 541 F. Supp. 395, 399 (D.D.C. 2008) (denying counsel attorney's fees because "[t]he appropriate fee for litigation that wastes 'the time and energy of counsel, court, and client,' is no fee," citing Ferrar v. Hobby, 506 U.S. 103, 122 (1992)).

4

>In considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike. <u>Wailua Assocs. v. Aetna Cas. & Sur. Co.</u>, 183 F.R.D. 550, 553-54 (D. Haw. 1998); <u>Joe Hand Promotions, Inc. v. Nekos</u>, 18 F. Supp. 2d 214, 218 (N.D.N.Y. 1998); <u>Seibel v. Society Lease Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997). Consequently, the burden lies with the movant. <u>Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.</u>, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

See also <u>Doeman v. Howard University</u>, 2006 WL 398917*3 (D.D.C. 2006), citing <u>Fantasy Inc. v. Fogerty Inc.</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>rev'd on other grounds</u>, 510 U.S. 517 (1994); <u>Lennon v. Seaman</u>, 63 F. Supp 2d 428, 447 (S.D.N.Y. 1999).

  **B.** **<u>The Plaintiff offers no support of her Motion under Rule 12(f)</u>.**

While the first line of the Plaintiff's Motion states that it is being filed "[p]ursuant to Rule 12(f)," the Memorandum in support of the Motion includes no mention whatsoever of that Rule, and offers neither explanations nor authorities to support relief under the Rule. Rather, the only Federal Rule referred to in her arguments is Rule 11(b) (which Defendant addresses below).

On their face, the portions of the Answer identified in the Motion are neither an "insufficient defense," nor "redundant," nor "immaterial," nor "impertinent," nor "scandalous." And it is not for the Court to intuit the particular bases for the Plaintiff's belief that relief under Rule 12(f) is warranted.

**II.** **<u>Objections to Defendant's Answers 10, 13 and 14 Are Meritless</u>.**

Fed. R. Civ. P. 8(b) provides, in relevant part, that in answering a complaint, "[i]f a party is without knowledge or information sufficient to form a belief as to the truth of an averment [in a complaint], the party shall so state and this has the effect of a denial." With respect to the Complaint averments 10, 13 and 14, Defendant so stated.

### A. Plaintiff's suggestion of a Rule 11 violation is inappropriate and unsupported.

The Motion (at pp. 3-4) appears to contend that the Defendant's "insufficient knowledge and information" responses to Complaint paragraphs 10, 13, and 14 somehow violate Fed. R. Civ. P. 11(b). That Rule, of course, governs attorney's general duty of candor and diligence with respect to Court filings, provides for the possibility of sanctions where those obligations have not been honored,[2] and prescribes a procedure for seeking relief where misconduct occurs.[3]

Plaintiff's counsel's loose suggestion of the undersigned's violation of Rule 11 is highly regrettable.[4] The Motion attributes improper professional conduct to Defendant's counsel based not on any known or demonstrated facts, but on a gratuitous conclusion that, with extra time to answer, undersigned counsel *surely* couldn't have conducted a

---

[2] The purpose of sanctions under Rule 11 is to deter frivolous lawsuits and filings. See Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 544 (1991). "Sanctions may be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose…" See Cunningham v. Bathon, 719 A.2d 497, 501, n. 7 (D.C. 1998).

[3] Rule 11(C)(1)(A) explains the procedures for seeking sanctions:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. . .

If pursuit of sanctions was Plaintiff's intent, she has not followed these procedures.

[4] Plaintiff's counsel's penchant for charges of improper conduct by other attorneys was evidenced most recently in the Blackman case, where he charged, based simply on his purported non-record communications with others, that class counsel (of some ten years) in the case had failed "competently [to] represent [his] clients' interests," and was guilty of a conflict of interests. Blackman v. District of Columbia, Civ. No. 97-1629 (D.D.C.), Notice of Information Relevant to Hearing Officer's Motion to Intervene, filed August 19, 2008, p. 3.

"reasonable inquiry." Had such an inquiry occurred, the motion instructs it "would have uncovered that information." Motion p. 4.

In fact, undersigned counsel undertook reasonable steps to gather information to permit an appropriate Answer. Promptly after receipt of the Complaint, she initiated communications with the DCPS Office of General Counsel, and emailed the Student Hearing Office, requesting them to produce available documents from the administrative hearing regarding this student. She based her Answer on the documents available at the time the Answer was filed.

Defendant submits that there is absolutely not basis for Plaintiff's suggestion of improper professional conduct by Defendant's counsel. If Plaintiff indeed believes Defendant's counsel violated its obligations to the Court under Rule 11, the procedures to pursue such a matter are provided for in that Rule. But it should be made clear that unfounded claims of Rule 11 violations may themselves present the basis for Rule 11 sanctions. Harris v. WGN Continental Broadcasting Co., 650 F. Supp. 568, 576 (N.D. Ill. 1986).[5]

### B. The Defendant's responses to the three Complaint paragraphs were proper under Rule 8(b).

It is true, of course, that under Federal Rule 8(b) a party "may not assert a lack of knowledge or information if the necessary facts or data involved are within his

---

[5] In her Motion (p. 4), Plaintiff cites a scheduling order issued in Jalloh v. District of Columbia, Civ. No. 07-63 (D.D.C., April 2, 2007). Asserting that this is "far from the first time" a court ordered the defendant to amend its answer because it was "noncommittal" (untrue), Plaintiff seems to suggest that the order in Jalloh was some type of reprimand by the court. In fact, it appears the court simply asked defendant to amend its answer as to some documents in question following the filing of the administrative record. However, there is nothing definitive in that order, or any documents in the case that describe the facts and circumstances surrounding the order. In short, the ad hoc order in Jalloh stands as neither precedent nor relevant history for anything in this case.

knowledge or easily brought within his knowledge. . . ." 5 C Wright & A. Miller, Federal Practice and Procedure § 1262, p. 393 (1990). A fact which is denied for lack of knowledge of information will be deemed admitted "when the matter is obviously one as to which defendant has knowledge or information." Reid v. Liberty Consumer Discount Co. of Pa., 484 F. Supp. 435, 440 (E.D. Pa. 1980)(quoting David v. Crompton & Knowles Corp., 58 F.R.D. 444, 446 (E.D. Pa. 1973)).

In this case, however—as explained above—Defendant reasonably pursued the necessary information, and indeed was able to directly respond to the majority of the Complaint averments based on knowledge and information available at the time of filing the Answer.

> [I]f knowledge of a fact cannot be ascertained within the time the party is given to answer with a modest expenditure of effort, a denial of knowledge or information is appropriate; the pleader is not compelled to make an exhaustive or burdensome search in order to determine the truth or falsity of his opponent's allegations.

6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1262 at 539 (2004). The Defendant's challenged answers were appropriate in all respects, and Plaintiff has not even remotely borne her burden of demonstrating otherwise.

### III.    Objections to Defendants Responses to Complaint paragraphs 11, 12 and 16 are Meritless.

In what appears to be a mis-titled argument at page 5 of the Motion, Plaintiff contends that Defendant "misinterprets" Complaint averments 11, 12 and 16, "and accordingly refuses to answer them." In Plaintiff's view, those statements "are plain, simple, allegations of fact" which, it seems, the Defendant is required to admit. A striking of the Defendant's responses to those averments is apparently sought.

First, it is inaccurate that Defendant has "refused to answer" the Complaint in these respects. In each of those instances, the Answer states in the alternative that, while the Defendant doesn't believe an answer is required, if that is not so, "then the [complaint averments] are denied."

Second, in each instance, the Complaint averment is indeed a characterization either of the record evidence (paragraphs 11, 12) or of a statutory provision (paragraph 16). As to paragraphs 11 and 12, the best, and existing, evidence of what occurred at the December 11, 2007 meeting is found in the minutes of that meeting, and in the documents that accompanied those meetings—all of which will no doubt be the subject of the Plaintiff's arguments, and the Court's scrutiny. As to paragraph 16, Plaintiff is plainly requesting agreement on, among other things, what constitutes a "response," as that term "is used in 20 U.S.C. 1415(c)(2)(B)(i)(I)"—plainly a legal, not factual, matter.

The Defendant's Answer responses in these respects were permissible and appropriate, and no prejudice to the Plaintiff is remotely possible. The Motion's formulaic objections should be summarily rejected.[6]

### III. Plaintiff's Threat of the Need for Discovery if the Motion is Not Granted is Pure Pleading Hyperbole.

In one paragraph (Motion pp. 5-6), Plaintiff blusters that unless the Motion is granted, "the Plaintiff will be forced to conduct discovery." "Document production requests will be necessary" and "[d]epositions [of DCPS employees] may be necessary." Id.

---

[6] Compare Farrell v. Pike, 342 F.Supp.2d 433 (M.D.N.C. 2004), where the court denied a request to strike Answer responses where a defendant had stated no need to respond to legal conclusions, but had alternatively denied them, noting that complaints that include "statements of mixed fact and law . . . can, at times, present problems because they contain a number of different and implicit elements." Id. at 442.

9

Nonsense.

This is an appeal of an IDEIA administrative decision. As in virtually every other such IDIEA case, the Plaintiff challenges the HOD, and the Court tests the propriety of the HOD based on the administrative record on which it was based.

For all practical purposes, the Answer is inconsequential here. Barring the extraordinary, what is in the administrative record—not in the Answer—determines the propriety of the HOD. The administrative record will contain all of the information before the Hearing Officer, and the parties here will be able freely to argue the significance of that evidence. Indeed, it would be the Plaintiff's pursuit of discovery—presumably to put before the Court what was not before the Hearing Officer (and hence had not been considered by him) when the challenged decision was issued—that would "complicate" this litigation.

Whether Defendant's Answer agrees (or, for that matter, disagrees) with the Plaintiff's characterization of the record information is of no decisional consequence. Such characterizations can be freely offered in argument to the Court as the matter is taken up for decision. And blustery threats that discovery will be needed where the administrative record represents the boundary of matters properly before the Court are simply disingenuous. No discovery is need for Plaintiff freely to exercise her appeal rights under IDEIA.

## **CONCLUSION**

While the Motion purports to be one under Fed. R. Civ. P. 12(f), it offers no supporting arguments, much less precedential bases, for a grant of relief under that Rule. On their face, the Answer responses identified fit none of the proscribed types of matters

provided for in Rule 12(f), and the Motion fails to meet the heavy burden imposed on movants for relief under that Rule. Moreover, to the extent Plaintiff suggests inappropriate conduct by Defendant's counsel under Rule 11, the Motion is regrettable and Plaintiff's counsel should be admonished for submitting such loose charges based on nothing more than his righteous convictions.

Finally, there is nothing in the Defendant's Answer responses that prejudices the Plaintiff's ability freely to exercise her appeal rights under IDEIA. And to the extent the propriety of the challenged HOD will be based on the administrative record before the Hearing Officer, the Plaintiff's claim of a need for exhaustive (and exhausting) discovery unless the Motion is granted is simply pleading puffery, and would be objectionable as harassment if it were pursued in any event.

Accordingly, the Motion should be summarily denied.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
August 25, 2008                              Washington, D.C. 20001

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NINA SUGGS,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 08-0938 (PLF)(AK) |
| **DISTRICT OF COLUMBIA,** | : |
| **Defendant.** | : |

## **ORDER**

Upon consideration of Plaintiff's Motion to Strike Defendant's Answer, and the Defendant's Opposition thereto, on this _____ day of _____, 2008, it is hereby

**ORDERED** that Plaintiff's Motion to Strike Defendant's Answer is **DENIED.**

_____
United States District Judge Friedman

1