THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NINA SUGGS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-938 |
|  | ) PLF |
|  | ) AK |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE**

**I.   THE DEFENDANT ADMITS THAT DEFENDANT'S COUNSEL DID NOT ATTEMPT TO OBTAIN INFORMATION DIRECTLY FROM ITS CLIENT**

In its Opposition, the Defendant twice reviews counsel's attempts to acquire information before representing in the Answer that the Defendant lacked information sufficient to enable it to answer certain allegations. Those efforts included only "communications with the DCPS Office of the General Counsel" and an email or emails to the Student Hearing Office of the State Superintendent of Schools ("OSSE"). Opposition at 2, 7.

Regarding counsel's inquiries, the Defendant provides no evidence of them. The Defendant does not even state when the requests were made, so there is no way of knowing whether it was days after service of the Complaint or several weeks later. Furthermore, there is no indication of the nature of the response from the DCPS Office of General Counsel, if any.

More importantly, the Defendant offers no explanation why, given that the minimal initial inquiries failed for whatever reason, counsel did not take the simple action of contacting its own client directly. In the 50 days it had to answer the complaint, counsel did not telephone

1

the DCPS Office of Special Education or the DCPS liaison with the child's school.[1] It declined to take that action despite specific notice from Plaintiff's counsel that the Plaintiff would contest any questionable claims of ignorance. See Motion to Strike, Exhibit 1.

The Defendant suggests that counsel satisfied the duty to conduct a reasonable inquiry by making only two very small efforts, neither of which produced results. The Defendant asks the Court to find that any more effort – for example, a telephone call to the client – would have been "exhaustive or burdensome." See Opposition at 8. The Court should not condone what appears to be Defendant's counsel's policy of making no efforts other than obtaining the record and contacting the Office of General Counsel.

## II. IN THE ABSENCE OF AN AMENDED RESPONSE OR OTHER REMEDY, LIKELY WASTEFUL DISCOVERY WILL BE NECESSARY

The parties apparently agree that most IDEA challenges are resolved on the record. However, the law allows for the presentation of additional evidence, and parties to these cases have made use of that provision in the past.

Because the Defendant has declined to state, for example, whether it performed the evaluations at the heart of this case, it remains possible that the Defendant will submit evidence of those evaluations. Given the Defendant's position, the only way the Plaintiff may prepare itself for such a possibility is by conducting discovery.

This is not to say that the Plaintiff believes that discovery will uncover any evaluations. The Plaintiff made the allegations in her Complaint because she believes them to be true; the Plaintiff does not expect to find any contrary evidence through discovery. Nonetheless, unless and until the Defendant admits the truth of the Plaintiff's allegations, it behooves the Plaintiff to

---

[1] A.S. attends a private special education school.

2

ensure that no contrary evidence exists. Anything less that effort would constitute malpractice on the part of Plaintiff's counsel.

### III. THE PLAINTIFF HAS NOT MOVED FOR SANCTIONS, AND SO NEEDS NOT FOLLOW THE RELATED PROCEDURES

The Plaintiff based her Motion in part upon Rule 11. However, she did not move for sanctions. Accordingly, she was not obliged to follow the procedures prescribed in Rule 11(c).

### IV. MULTIPLE ALTERNATIVE REMEDIES ARE AVAILABLE TO THE COURT

The Defendant correctly notes that "[a] fact which is denied for lack of knowledge of information will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information." Opposition at 8 (quotations and citations omitted). The Plaintiff is amenable to an order deeming admitted the allegations in Complaint Paragraphs 10-14 and 16.

Similarly, the Court could issue an order barring the Defendant from supplementing the administrative record. Given that the Defendant has dismissed the Plaintiff's claim of the need for discovery as "blustery threats" and "[n]onsense," stating that "the Court tests the propriety of the HOD based on the administrative record on which it was based," the Defendant presumably has no objection to that solution.[2]

The Plaintiff originally considered those remedies to be more radical that what she requested in her Motion. Nonetheless, so long as the Plaintiff is protected from surprise evidence, she is satisfied.

### V. THE DEFENDANT'S MULTIPLE *AD HOMINEM* ATTACKS ARE FALSE AND IRRELEVANT

Unfortunately, Defendant's counsel has regularly attempted to make litigation with Plaintiff's counsel a personal matter. Perhaps more disturbing is the fact that all three of his

---

[2] Though she does not expect to do so, the Plaintiff is not waiving her right to supplement the record.

allegations are false. In the passages quoted by the Defendant in <u>Lesesne v. District of Columbia</u> and <u>Marriott</u>, the courts were referring to Carolyn Houck, the students' prior counsel, and not to the undersigned. See <u>Lesesne</u>, 2005 U.S. Dist. LEXIS 35699 at *12, <u>aff'd</u>, 447 F. 3d 828 (D.C. Cir. 2006) ("Ms. Caroline Houck, a newly-retained attorney for Plaintiff, contacted Ms. Thompson for the first time about the need to set up an IEP meeting . . . Rather than assist Ms. Thompson's efforts . . .Plaintiff's new counsel filed a request for a due process hearing with an independent hearing officer."); <u>E.M. v. Marriott Hospitality Pub. Chtd. High School</u>, Civil Action No. 04-0834, Defendant Marriot Hospitality Public Charter High School's Motion for Summary Judgment, filed November 3, 2005 (containing multiple references to "counsel for Plaintiff" Carolyn Houck).

In the third case, the undersigned did not make charges against <u>Blackman</u> class counsel; he announced that he was preparing a motion containing those charges. <u>Blackman v. District of Columbia</u>, Civil Action No. 97-1629, Notice of Information filed August 19, 2008; <u>see also</u> Bill Turque, *Judge Says District Has Failed to Meet Service Deadlines*, WASH. POST, September 4, 2008, at B4. At the appropriate time, Judge Friedman will decide whether such charges, once made, are adequately supported.

Needless to say, none of that has any bearing on the matter at hand.

                  Respectfully submitted,

                  <u>/s/ Douglas Tyrka</u>
                  Douglas Tyrka, #467500
                  Tyrka & Associates, LLC
                  1726 Connecticut Ave., NW, Suite 400
                  Washington, D.C.  20009
                  Phone:  (202) 265-4260
                  Fax:  (202) 265-4264
                  Email: tyrka@tyrkalaw.com